UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAXON MORTGAGE SERVICES, INC.,

    Plaintiff,

v.                                                                         Case No. 8:25-cv-841-TPB-AAS

ANDRE MONTINA and
HEIDY L. RIVERA,

    Defendants.
_____/

## ORDER REMANDING CASE

This matter is before the Court *sua sponte* on Defendants Andre Montina and Heidy L. Rivera's notice of removal. (Doc. 1). After reviewing the notice of removal, court file, and the record, the Court finds as follows:

The present case stems from a mortgage foreclosure action filed by Plaintiff Saxon Mortgage Services, Inc. on June 12, 2007, in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. In that case, a final judgment of mortgage foreclosure was entered against Defendants on January 24, 2008. Defendants did not appeal the final judgment, and the time to appeal expired. However, in an effort to delay and impede the foreclosure proceedings, it appears that Defendants filed several bankrtupcy petitions. Andre Montina, Jr. filed at least seventeen bankruptcy petitions in the Middle District of Florida since 2008, while Heidy Rivera filed at least ten additional cases in the Middle District of Florida between 2008 and 2019.[1] As to

---

[1] On December 2, 2024, the bankrtupcy court enjoined Andre Montina, Jr. from filing another bankrtupcy in this or any other bankrtupcy court before November 12, 2029 – a period of 5 years. *See In re: Andre Montina, Jr.,* No. 8:24-bk-05227-RCT (Bankr. M.D. Fla. 2024). The

each of the bankrtupcy cases, the filings served to stay a pending foreclosure sale. Based on a review of the state court docket, it appears that the foreclosure sale finally occurred on April 7, 2025.

On April 4, 2025, Defendants attempted to remove the case from state court. In the notice of removal, Defendants contend that jurisdiction is proper because Plaintiff has engaged in some unidentified conduct during the underlying foreclosure proceedings that purportedly violated the Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act, and Defendants' constitutional rights. In addition to these alleged federal questions, Defendants attempt to invoke the Court's diversity jurisdiction. As explained below, this matter does not belong in federal court.

First considering federal question jurisdiction, under 28 U.S.C § 1331, district courts have jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." For purposes of § 1331, the Court applies the well-pleaded complaint rule to determine whether a claim arises under federal law. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001).

Here, Plaintiff brought a verified mortgage foreclosure action in state court pursuant to state law. Although Defendants did not include copies of the state court filings with their notice of removal, the Court has reviewed the state court docket. The complaint does not assert a cause of action under the United States Constitution

---

order further provided prospective *in rem* relief as to the subject property and imposes a two year *in rem* bar, effective November 13, 2024, as to the property. *See id.*

or any federal statute, nor does Plaintiff's right to foreclose depend on the resolution of any federal issue. *See Smith*, 236 F.3d at 1310 ("A well-pleaded complaint presents a federal question where it establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.") (internal quotations omitted).

Next, considering diversity jurisdiction, the notice of removal does not adequately allege the citizenship of Plaintiff. In addition, the Court notes that 28 U.S.C. § 1446(c) provides that cases may not be removed under subsection (b)(3) more than one year after commencement of the action unless the district court concludes that the plaintiff acted in bad faith to prevent the removal of the action. This action commenced in 2007, and there are no allegations in the notice of removal that support any finding of bad faith here. Although the Court notes these defects, remand is not based on these defects.

Rather, most significantly, the Eleventh Circuit has clarified that, in the context of foreclosure proceedings, if a party has exhausted its opportunities for relief in state court, "either because the time for relief by motion or appeal has run, leave to appeal has been denied, or the state's highest court has rendered a judgment[,] . . . removal itself may be improper." *Aurora Loan Servs., LLC v. Allen*, 762 F. App'x 625, 628 (11th Cir. 2019) (quoting *Jackson v. Am. Sav. Mortg. Corp.*, 924 F.2d 195, 198-99 (11th Cir. 1991)). In *Aurora,* the Eleventh Circuit found that where a defendant in a foreclosure action attempts "to remove the foreclosure action [after] final judgment, there [is] no state-court action pending at the time to remove, inasmuch as nothing remain[s] for the state courts to do but execute the judgment." *Id.* (citing *Oviedo v.*

*Hallbauer*, 655 F.3d 419, 425 (5th Cir. 2011)).  Defendants' notice of removal does nothing except stymy the execution of a valid, final judgment in state court.  As a result, this Court lacks subject matter jurisdiction.  This case is therefore remanded to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. This action is **REMANDED** to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, due to lack of subject matter jurisdiction.

2. Once remand is effected, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of April, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE